# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS, | Case No. 1:11-cv-01503-AWI-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED** |
| v. | |
| HAROLD TATE, | ECF No. 15 |
| Defendant. | OBJECTIONS DUE WITHIN 14 DAYS |

## I. Background

Plaintiff Rodney Brooks ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed August 9, 2012, against Defendant Harold Tate for retaliation in violation of the First Amendment and deliberate indifference to a serious medical need in violation of the Eighth Amendment. On August 9, 2012, Plaintiff filed a motion for preliminary injunction. ECF No. 15. On November 20, 2012, Defendant Tate filed an opposition. ECF No. 28.[1] The matter is submitted pursuant to Local Rule 230(l).[2]

---

[1] There was an issue with regards to whether Plaintiff wished to proceed with the pending motion for preliminary injunction. On October 31, 2012, Plaintiff notified the Court that he wished to proceed with the August 9, 2012 motion. Defendant's opposition was submitted within twenty-one days after Plaintiff notified the Court and the parties of his intention. In the interest of justice, the Court deems Defendant's opposition timely submitted.

[2] On December 26, 2012, Plaintiff filed his reply. ECF No. 32. Pursuant to Local Rule 230(l), Plaintiff's reply is untimely. The Court out of an abundance of caution has considered the arguments that Plaintiff raised in reply and finds that they would not affect the Findings and Recommendations.

1

## II. Preliminary Injunction

Plaintiff requests that he be examined by a neurologist for acute, spasmodic muscular and nerve pain. Plaintiff contends that he is experiencing loss of muscle bulk, flashing lights in the corner of Plaintiff's vision, constant muscle twitching, muscle weakness, cramps and spasms, loss of balance, numbing and burning pain in Plaintiff's legs and arms, and excruciating abdominal pain.

### A. Legal Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

"'A preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor.'" *Alliance for the Wilde Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)). Serious questions going to the merits and a hardship balance tipped sharply towards the plaintiff can support issuing an injunction, assuming the other two elements of *Winter* are also met. *Id.* at 1132.

For preliminary injunctive relief with respect to prison conditions,

> preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief

18 U.S.C. 1326(a)(2).

### B. Likelihood of Success on the Merits

Plaintiff contends that he is likely to succeed on the merits of his claim, contending that there are sufficient facts which demonstrate that Defendant Tate was aware of the extent of Plaintiff's pain

and refused to provide Plaintiff with any effective pain relief medication or examination by a neurology specialist. Pl.'s Mot. Prelim. Inj. 4:26-5:5.

Defendant contends that Plaintiff has received numerous exams and various treatments. Based on the submitted documents, Plaintiff has received several types of treatment since 2010. Def.'s Opp'n 2:8-5:4, ECF No. 28-1, Exs. pp. 4-54, ECF No. 28-2. Plaintiff was offered, but refused surgery on his left knee. Plaintiff has received several prescriptions for pain. Plaintiff complained that his prescription for tramadol was changed. Defendant Tate contends that he intended to wean Plaintiff off of Tramadol. Plaintiff stated that NSAIDs cause him pain. As of July 2012, Plaintiff was prescribed Tylenol for his pain, which Plaintiff contends is not effective. However, it is unclear if Defendant Tate is aware that Tylenol is not effective for Plaintiff's pain management.

The rationale for requesting a neurologist appears to originate from a physician issuing a referral for a neurology examination on June 4, 2012. However, the referral was never designated as an emergent or urgent referral. Later, blood test samples were collected on June 25, 2012 and July 5, 2012. The blood tests indicated that Plaintiff's levels of creatine kinase were high. Plaintiff contends that Defendant Tate does not specialize in the treatment of neuropathy disease. However, Plaintiff has provided no argument that Defendant Tate cannot treat this issue.

The Court does not find that Plaintiff has demonstrated the likelihood of success on the merits as to his need for examination by a neurology specialist. Plaintiff raises at most a difference of opinion with regards to the treatment between Plaintiff and Defendant Tate, which does not rise to the level of deliberate indifference. *Toguchi v Chung*, 391 F.3d 1051, 1058 (9th Cir. 2006).

### C. Irreparable Harm

Plaintiff has not demonstrated irreparable harm. Plaintiff's condition includes acute, spasmodic muscular and nerve pain. Plaintiff contends that his condition will become progressively worse without a neurologist consultation. As stated previously, however, Plaintiff has not demonstrated how Defendant Tate has failed to treat Plaintiff, other than to not refer Plaintiff to a neurology specialist at the time the motion was filed. Plaintiff has received prescriptions for various pain medications and physical therapy. The Court does not find that Plaintiff will suffer irreparable

harm without a grant of preliminary injunctive relief.

### D. Lack Of Equities In Plaintiff's Favor And Relief Serving The Public Interest

Because the Court finds that Plaintiff has not demonstrated likelihood of success on the merits and irreparable harm, the balance of hardships does not weigh in Plaintiff's favor. The medical personnel at Plaintiff's prison would be required to refer Plaintiff to an outside consultation without providing prison physicians the opportunity to first treat the matter.

Preliminary injunctive relief would not be in the public interest. The treatment of prisoners in compliance with the Eighth Amendment furthers the public interest. As stated previously, however, Plaintiff has not demonstrated likelihood of success on the merits, irreparable harm, or the balance of equities in his favor.

### III.  Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, filed August 9, 2012, should be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** from the date of service of a party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 15, 2013**         /s/ *Dennis L. Beck*
                                UNITED STATES MAGISTRATE JUDGE