# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS,<br><br>    Plaintiff,<br><br>    v.<br><br>HAROLD TATE,<br><br>    Defendant. | Case No. 1:11-cv-01503 AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF INDEPENDENT MEDICAL EXPERT<br><br>(Document 44) |

Plaintiff Rodney Brooks ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Harold Tate for claims of retaliation in violation of the First Amendment and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On March 21, 2013, Plaintiff filed a Motion for Appointment of an Independent Medical Expert ("IME") pursuant to Federal Rule of Evidence 706(a). Defendant opposed the motion on March 26, 2013, and Plaintiff filed a reply on April 12, 2013.

## **LEGAL STANDARD**

Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness. The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir.1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the

trier of fact to understand the evidence or decide a fact in issue....," Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir.1997).

While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999), where the cost would likely be apportioned to the government, the Court should exercise caution.

Moreover, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D. Cal.  2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, 2 (S.D. Cal. 2013).

## **DISCUSSION**

Here, Plaintiff requests the appointment of an IME because of the "complex nature of the spine and nervous system." Mot. 2.  Plaintiff, who allegedly suffers from nerve and muscle pain in the upper right side of his body, believes that an IME will help the Court and jury in understanding the medical terminologies, evaluating contradictory evidence and avoiding the potential prejudice of one-sided opinion testimony from Defendant.  Plaintiff recognizes that he is indigent and cannot pay the costs of hiring an expert.

Contrary to Plaintiff's characterization of the medical issues, the medical care issue is not of such complexity that the Court and/or jury would require the assistance of an IME.  While Plaintiff may be correct that the spine and nervous system are complex, Plaintiff's allegations relating to pain and treatment are no more complex than those found in a majority of deliberate indifferent cases pending before this Court.  Honeycutt v. Snider, 2011 WL 6301429, *1 (D. Nev. 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases.").

Additionally, the appointment of an IME is to assist the trier of fact, not a particular litigant. Here, Plaintiff requests an IME, in part, to "avoid the blatant potential for bias from the one sided testimony of the doctor defendant." Reply 1. Avoiding bias or otherwise assisting one party is not the purpose of Rule 706.

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: **August 7, 2013**                              /s/ Dennis L. Beck
                                                                    UNITED STATES MAGISTRATE JUDGE