# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS,<br><br>        Plaintiff,<br><br>    v.<br><br>HAROLD TATE,<br><br>        Defendant. | Case No. 1:11-cv-01503 AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT DEPOSITIONS OF MATERIAL WITNESSES<br><br>(Document 46) |

Plaintiff Rodney Brooks ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Harold Tate for claims of retaliation in violation of the First Amendment and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On March 25, 2013, Plaintiff filed a Motion to Conduct Depositions of Material Witnesses. Defendant opposed the motion on April 9, 2013, and Plaintiff filed a reply on April 22, 2013.

## **LEGAL STANDARD**

By definition, "a 'deposition' is the examination under oath by 'oral questions' of a party or deponent." Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 275 (C.D. Cal. 2008). A party who wants to depose a person by oral questions must give written notice to every other party, stating the time and place of the deposition. Fed. R. Civ. P. 30(b)(1). "Where a deponent is not a party to the action, he can be compelled to appear at a deposition examination only by issuance of a subpoena"

1  pursuant to Rule 45.  Cleveland v. Palmby, 75 F.R.D. 654, 656 (W.D. Okl. 1977).  "Unless the
2  parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated
3  under Rule 28."  Fed. R. Civ. P. 30(b)(5)(A).

4       Here, Plaintiff requests a Court order allowing him to take the depositions of Defendant Tate
5  and non-party witnesses Michael Vu and Correctional Officer Price.  He requests that the
6  depositions occur during his May 17, 2013, deposition by videoconference.  Plaintiff states that he is
7  incarcerated at California Correctional Institution, where each of the deponents are employed.

8       Defendant objects to the request mainly because Plaintiff has not stated how he will pay for
9  the deposition costs and non-party witness fees.  In reply, Plaintiff argues that his indigent status
10 should not prevent him from obtaining material evidence.

11      Plaintiff is correct that his indigent status should not prevent him from obtaining material
12 evidence.  However, his in forma pauperis status does not entitle Plaintiff to free services such as
13 scheduling, conducting and recording the deposition.  If Plaintiff wishes to conduct oral or written
14 depositions, he must review Federal Rules of Civil Procedure 28, 30, 31, and 45.  If, after reviewing
15 the rules, he believes is able to conduct depositions in compliance with the rules, Plaintiff  shall
16 notify the Court and make a showing that he is able and willing to retain an officer to take responses
17 and prepare the record.  Plaintiff should note that because Michael Vu and Correctional Officer Price
18 are not parties to this action, he will be required to pay attendance and/or mileage fees pursuant to
19 Rule 45.

20      Based on the foregoing, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **August 7, 2013**                    /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE