# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS,<br><br>              Plaintiff,<br><br>     v.<br><br>HAROLD TATE,<br><br>              Defendant. | Case No. 1:11-cv-01503 AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(Document 42) |

Plaintiff Rodney Brooks ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Harold Tate for claims of retaliation in violation of the First Amendment and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On March 18, 2013, Plaintiff filed a Motion to Compel responses to Plaintiff's request for production of documents. Defendant filed an opposition on March 22, 2013, and Plaintiff filed a reply on April 8, 2013.

## **LEGAL STANDARD**

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendants are required to "furnish such information as is available" to him in

responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or control" in responding to Plaintiff's request for the production of documents. Fed. R. Civ. P. 33(a), 34(a). If Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden to demonstrate why the objection is not justified. Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified.

From the parties' filings, it appears that Plaintiff seeks an order compelling Defendant to provide further responses to Requests for Production Numbers 3 and 4. These requests seek "the specific number" of inmate appeals, staff complaints and civil suits filed against Defendant "that refer or relate to his conduct or treatment as a physician." Wagley Decl. Ex A. In his responses, Defendant objected the requests as unlikely to lead to the discovery of admissible evidence and over broad. Defendant also objected on the basis that the requests "seek documents that are privileged and which invade responding party's privacy." Wagley Decl. Ex. B.

The Court first notes that although Plaintiff's requests are styled as Requests for Production, the requests appear to be asking only for a number, rather than documents containing additional and/or specific information. Given Plaintiff's status as a pro se litigant, the Court will excuse the procedural mistake and treat the requests as interrogatories.[1] The request for only a specific number also moots Defendant's objection based on privilege and/or privacy.

Plaintiff contends that the information is relevant to Defendant's credibility and "to demonstrate that the Defendant Tate has a pattern and reputation of treating inmates with deliberate indifference." Mot. 3. Defendant argues that information regarding unrelated incidents and allegations would not be relevant to Plaintiff's claims.

The Court agrees that the request is overbroad, and seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence. This action is proceeding on an Eighth Amendment deliberate indifference claim and First Amendment retaliation claim against Defendant Tate. The issues are solely related to Defendant Tate's treatment and/or actions taken

---

[1] Plaintiff confirms his intention in his reply, stating that he "does not seek names or content just specifically the number and types of grievances and suits that relate" to Defendant's treatment of inmates as a physician. Reply 2. However, because the actual requests seek only the "specific number" of grievances, etc., the Court will not include "types" of grievances, etc. in the request.

towards Plaintiff, therefore making his treatment of *other* inmates irrelevant. Moreover, Plaintiff requests the information to show a "pattern and practice" of deliberate indifference, but simply because an inmate grievance or lawsuit was filed does not mean that Defendant acted with deliberate indifference in those instances. Finally, such evidence would likely be inadmissible character evidence. Fed. R. Evid. 404(b).

For these reasons, Plaintiff's Motion to Compel is DENIED.

IT IS SO ORDERED.

Dated: **August 7, 2013**        /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE