1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                       EASTERN DISTRICT OF CALIFORNIA

10

11    RODNEY BROOKS,                          Case No. 1:11-cv-01503 AWI-DLB PC

12              Plaintiff,

                                             ORDER DENYING PLAINTIFF'S
13        v.                                 MOTION TO COMPEL

14    HAROLD TATE,                            [ECF No. 59]

15              Defendant.

16

17        Plaintiff Rodney Brooks ("Plaintiff") is a California state prisoner proceeding pro se and in

18   forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding against

19   Defendant Harold Tate for claims of retaliation in violation of the First Amendment and deliberate

20   indifference to a serious medical need in violation of the Eighth Amendment.

21        On October 1, 2012, the Court issued a Discovery and Scheduling Order in this action.  ECF

22   No. 22.  The discovery cut-off date was set for June 1, 2013.  The parties were informed that "[t]o

23   ensure that the responding party has forty-five (45) days after the request is first served to respond,

24   discovery requests must be served at least forty-five (45) days before the discovery deadline."  ECF

25   No. 22.

26        On March 18, 2013, Plaintiff filed a Motion to Compel responses to Plaintiff's request for

27   production of documents.  Defendant filed an opposition on March 22, 2013, and Plaintiff filed a

28   reply on April 8, 2013.  On May 30, 2013, Plaintiff filed a motion for extension of time to extend the

                                             1

1    Discovery and Scheduling Order.  Defendant did not oppose the motion.  On August 7, 2013, the

2    Court denied Plaintiff's Motion to Compel.  Also on August 7, 2013, the Court granted Plaintiff's

3    motion for extension of time to modify the Discovery and Scheduling Order.  The Court noted that

4    the discovery motions were pending at the time of the discovery cut-off.  Therefore, the Court

5    extended the discovery deadline to allow for completion of discovery.  The new discovery cut-off

6    deadline was set for October 1, 2013.

7            On September 8, 2013, Plaintiff served a Request for Admissions on Defendant.  ECF No.

8    59.  On September 18, 2013, Defendant responded that he had received the Request for Admissions;

9    however, Defendant refused to provide responses stating the request was untimely.  On October 27,

10   2013, Plaintiff served a Motion to Compel on Defendant.  Defendant opposed the Motion to Compel

11   on November 12, 2013.  Plaintiff filed a reply to the opposition on December 13, 2013.

12                                    **<u>LEGAL STANDARD</u>**

13           "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the

14   claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the

15   discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R.

16   Civ. P. 26(b)(1).  Defendants are required to "furnish such information as is available" to him in

17   responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or

18   control" in responding to Plaintiff's request for the production of documents.  Fed. R. Civ. P. 33(a),

19   34(a).  If Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden to

20   demonstrate why the objection is not justified.  Plaintiff must inform the court which discovery

21   requests are the subject of his motion to compel, and, for each disputed response, inform the Court

22   why the information sought is relevant and why Defendant's objections are not justified.

23           Here, Plaintiff seeks an order compelling Defendant to provide responses to Plaintiff's

24   Request for Admissions.  Defendant is correct that Plaintiff's Request for Admissions was untimely.

25   The discovery cut-off was moved to October 1, 2013, in light of the outstanding discovery motions

26   at that time.  Pursuant to the Discovery and Scheduling Order of October 1, 2012, Plaintiff therefore

27   had to serve his discovery request forty-five days prior to October 1, 2013, to wit, August 19, 2013.

28   Plaintiff inexplicably did not serve his Request for Admissions until September 8, 2013.  Then, when

                                                    2

Defendant refused and notified Plaintiff of his refusal on September 18, 2013, Plaintiff inexplicably delayed serving the instant Motion to Compel until October 27, 2013, which was nearly one month beyond the discovery cut-off date.  Plaintiff's Request for Admissions and Motion to Compel are untimely.

**ORDER**

For the foregoing reasons, Plaintiff's Motion to Compel is DENIED.

IT IS SO ORDERED.

Dated:   **September 10, 2014**          _/s/ Dennis L. Beck_
                              UNITED STATES MAGISTRATE JUDGE