# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS, | Case No. 1:11-cv-01503 AWI DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 66] |
| v. | |
| HAROLD TATE, | |
| Defendant. | ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME [ECF No. 69] |

Plaintiff Rodney Brooks ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Harold Tate for claims of retaliation in violation of the First Amendment and deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On December 9, 2013, Defendant Tate filed a motion for summary judgment. Plaintiff filed a motion to strike the motion for summary judgment on December 26, 2013. Defendant filed an opposition on January 3, 2014. On January 16, 2014, Plaintiff filed a motion requesting an extension of time of forty-five (45) days to file an opposition to Defendant's motion for summary judgment. Defendant filed an opposition on January 31, 2014. Plaintiff filed a reply on February 18, 2014.

I.      Motion to Strike Motion for Summary Judgment

Plaintiff acknowledges that Defendant filed a motion for summary judgment on December 9, 2013. He states he became aware of the filing on December 18, 2013, when he received a notice of

1

errata from Defendant. Plaintiff states he was not served with a copy of the motion for summary judgment. Plaintiff also states that there were discovery motions pending at the time Defendant filed the motion for summary judgment. Plaintiff claims that in light of the outstanding motions, it would be inappropriate to proceed on the motion for summary judgment until those motions are resolved. Finally, Plaintiff contends he did not receive a copy of his deposition transcript as requested from Defendant. He states Defendant should provide him a copy since Defendant relies on the transcript in his motion for summary judgment.

Defendant states he duly served Plaintiff at his address of record at Corcoran State Prison. Defendant states, and Plaintiff concedes, that Plaintiff was transferred to California State Prison, Sacramento, on or about December 12, 2013, but Plaintiff did not file a change of address until December 30, 2013. Defendant states he re-served the motion on Plaintiff when he became aware of the changed address. Defendant is correct that it is Plaintiff's affirmative duty to keep the Court and opposing parties apprised of his current address. Local Rules 182(f), 183(b). Defendant's service at Plaintiff's address of record was proper and effective notice of the motion, and is no cause to strike the motion for summary judgment.

In addition, Defendant correctly notes that Plaintiff is not entitled to a free copy of his deposition transcript. Fed. R. Civ. P. 30(f)(3). Plaintiff is entitled only to review the transcript and make changes, if he made a request for review before the completion of the deposition. Fed. R. Civ. P. 30(e)(1). If Plaintiff made a timely request, the Court requests that Defendant ensures the review to which he is entitled occurs. With regard to Plaintiff's concerns about the information Defendant relied on in his motion for summary judgment, Defendant notes that the relevant portions of the deposition transcript were attached to the motion.

As to Plaintiff's concerns regarding the outstanding discovery motions, the Court has denied those motions by separate order.

Accordingly, there are no grounds to strike the motion for summary judgment. Plaintiff's motion will be denied.

II.     Motion for Extension of Time

On January 16, 2014, Plaintiff requested an extension of time to file an opposition to the

1  motion for summary judgment.  Plaintiff stated he was seeking additional time because he had not
2  received a copy of the motion for summary judgment until December 31, 2013.  In addition, Plaintiff
3  complained that he did not have a copy of the deposition transcript.  Also, he claims he requires an
4  extension because there are outstanding discovery motions, and he is relying on that discovery to
5  oppose the motion for summary judgment.

6  Defendant does not oppose a brief extension, but he does oppose a more lengthy extension of
7  forty-five days as Plaintiff had requested.  Defendant states Plaintiff has had ample time since
8  receiving the motion for summary judgment to file an opposition.  In addition, Defendant claims the
9  delay in receiving the motion was Plaintiff's own creation since Plaintiff did not timely file a notice
10  of address change with the Court.

11  The Court finds good cause to grant an extension of time.  Defendant served the motion for
12  summary judgment on December 9, 2013, and Plaintiff was moved on December 12, 2013.  The
13  Court understands that a prison move may affect a prisoner's ability to timely comply with
14  deadlines, since a prisoner's legal materials often do not follow the prisoner for several weeks.  In
15  addition, Plaintiff states he intended to use information he was attempting to attain by way of the
16  outstanding discovery requests to contest the motion.  Although the discovery requests have been
17  denied by separate order, the Court has only now ruled on them.  Therefore, Plaintiff's request for an
18  extension will be granted.  Nevertheless, the extension will be for twenty-one (21) days given that
19  Plaintiff will now have had nine months to prepare his opposition.  Plaintiff is forewarned that an
20  extension of time will not be granted, absent a showing of good cause.
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's motion to strike Defendant's motion for summary judgment is DENIED; and

2) Plaintiff's motion for extension of time to file an opposition to the motion for summary judgment is GRANTED, and Plaintiff is GRANTED twenty-one (21) days from the date of service of this order to file his opposition. **No extension of time will be granted absent a showing of good cause.**

IT IS SO ORDERED.

Dated:   **September 10, 2014**                    /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE