# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS,<br><br>      Plaintiff,<br><br>      v.<br><br>HAROLD TATE,<br><br>      Defendant. | Case No. 1:11-cv-01503 AWI DLB PC<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>[ECF No. 78]<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>[ECF No. 63]<br><br>ORDER REFERRING ACTION BACK TO MAGISTRATE JUDGE |

      Plaintiff Rodney Brooks, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 29, 2011. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On October 29, 2014, the Magistrate Judge issued Findings and Recommendations ("F&R") that recommended Defendant's motion for summary judgment be GRANTED. The F&R was served on all parties and contained notice that any objections were to be filed within thirty (30) days. On February 20, 2015, Plaintiff filed objections to the Findings and Recommendation. On February 26, 2015, Defendant filed a response to the objections.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds that the F&R is generally supported by the record and by proper analysis. However, the Court cannot

1

adopt the entirety of the F&R.

With respect to Plaintiff's Eighth Amendment deliberate indifference claims, Plaintiff has not provided sufficient evidence of deliberate indifference. Plaintiff has shown a disagreement with the medical treatment chosen by Defendant Tate, which is insufficient for an Eighth Amendment claim. See Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2013). Therefore, the Court agrees with the F&R that Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment claims.

With respect to Plaintiff's First Amendment retaliation claim, as set forth in the F&R, a viable claim of First Amendment retaliation entails five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). In his objections, Plaintiff relies on declarations in which he declared that he told Defendant Tate that he would file a complaint against Tate. Tate responded, "since you want to threaten me with a lawsuit." Tate simultaneously reached out and took away Plaintiff's cane and knee brace, and also threatened to cancel Plaintiff's physical therapy treatment.

Based on the timing of Tate's actions and his statement about Plaintiff's threat of a lawsuit, Plaintiff has established a genuine disputed issue of material fact concerning Defendant's motivation. Plaintiff has also established a genuine disputed issue of material fact regarding adverse action. Plaintiff was before Tate on an appeal of another doctor's orders. The appeal concerned the other doctor's denial of Plaintiff's request for medication and a new knee brace. When Plaintiff met Tate, Tate did not merely affirm the previous doctor's orders, he allegedly seized the old knee brace and Plaintiff's cane and then threatened to cancel physical therapy. No doctor had ordered the discontinuance of physical therapy prior to Tate's threat. The Ninth Circuit has recognized that the mere threat of harm can be sufficiently adverse to support a retaliation claim. See Brodheim, 584 F.3d at 1270.

Because the Court finds that Plaintiff's declarations create genuine disputed issues of material fact, the Court must respectfully decline to adopt this aspect of the F&R.  Therefore, the Court finds that Defendant is not entitled to summary judgment on Plaintiff's First Amendment retaliation claim.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 29, 2014, are ADOPTED IN PART as discussed above;
2. Defendant's motion for summary judgment is GRANTED as to Plaintiff's Eighth Amendment claims of deliberate indifference;
3. Defendant's motion for summary judgment is DENIED as to Plaintiff's claim of First Amendment retaliation; and
4. The matter is REFERRED BACK to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 26, 2015                                    _____
                                                          SENIOR DISTRICT JUDGE